UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROSLINDE GRAHAM,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br>    Defendant. | CAUSE NO.: 2:16-CV-95-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Roslinde Graham on March 16, 2016, and an Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 17], filed by Plaintiff on August 25, 2016. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 4, 2016, the Commissioner filed a response, and on December 13, 2016, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.    Background**

In March 2013, Plaintiff filed an application for benefits alleging that she became disabled on June 30, 2010. Plaintiff's application was denied initially and upon reconsideration. On May 20, 2014, Administrative Law Judge ("ALJ") Janice M. Bruning held a video hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On August 8, 2014, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since June 30, 2010, the alleged onset date.

3. The claimant has severe impairments: combination of obesity, diabetes mellitus, hypertension, dyslipidemia, adjustment disorder, alcohol abuse and borderline intellectual functioning.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). However, claimant can never climb ladders, ropes, or scaffolds and can perform postural activities (i.e. climbing ramps/stairs, balancing, stooping, kneeling, crouching, crawling, bending, twisting) only on an occasional basis. She is to have no public contact and no more than occasional contact with coworkers and supervisors. Claimant is limited to 1 to 3-step simple repeated routine tasks.

6. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by her RFC.

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2010, through the date of the decision.

On January 11, 2016, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard or Review

The Social Security Act authorizes judicial review of the final decision of the Social Security Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow

the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ's hypothetical question to the VE did not adequately reflect the Plaintiff's moderate limitations in concentration, persistence, and pace as found by the ALJ. The Commissioner contends that the hypothetical question to the VE tracked the ALJ's RFC.

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fourth step addresses whether the claimant is capable of doing her past relevant work, and, if not, the fifth step is for the ALJ to determine whether the claimant is able to perform other work given her RFC. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004). At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations," *Dixon v. Massanari*, 270 F.3d 1171,

4

1178 (7th Cir. 2001), and should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

Although the ALJ need not specifically include every limitation alleged by Plaintiff in the RFC, she must explain how she incorporated all of symptoms and limitations into the RFC. "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996)); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)). When an ALJ relies on testimony from a VE to make a disability determination at step four or five, the ALJ must incorporate all of the claimant's limitations supported by medical evidence in the record. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *see also Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004) ("a hypothetical question to the vocational expert must include all limitations supported by medical evidence in the record"); *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003) ("Furthermore, to the extent the ALJ relies on testimony from a vocational expert, the question posed to the expert must incorporate all relevant limitations from which the claimant suffers.") (citation omitted). If the VE is unaware of all of the Plaintiff's limitations, he may refer to jobs the Plaintiff cannot perform. *Kasarsky*, 335 F.3d at 543.

In this case, the ALJ found that Plaintiff has moderate difficulties in concentration, persistence, and pace. AR 32. The ALJ explained that the RFC incorporates Plaintiff's moderate limitations in social functioning: "[B]ecause plaintiff has difficulties in crowds, she is to have no

5

public contact and no more than occasional contact with coworkers and supervisors." AR 35. The ALJ did not specifically explain how Plaintiff's moderate difficulties in persistence and pace were incorporated into the RFC, but did state that Plaintiff's difficulties concentrating were accommodated by limiting her to 1-3 step simple repeated routine tasks. Plaintiff was also diagnosed with borderline intellectual functioning, which the ALJ recognized, but again failed to explain how (or if) it was incorporated into the RFC.

Furthermore, when a claimant experiences limitations in concentration, persistence, and pace, these limitations must be incorporated into the hypothetical posed to the VE, although there is not "a per se requirement that this specific terminology ('concentration, persistence, and pace') be used in the hypothetical in all cases." *O'Connor-Spinner*, 627 F.3d at 619. A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *Id.* A limitation to unskilled work is generally insufficient to account for moderate limitations in concentration, persistence, or pace because "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620-21 ("In most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace."); *see also Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011) (concluding that limitations to sedentary and light unskilled work did not "address[] the impact of the mental limitations . . . which . . . limited [the plaintiff]'s ability to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment"); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the

contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Craft*, 539 F.3d at 677-78 (limitation to unskilled work did not account for limitations in concentration, pace, and mood swings); *Young*, 362 F.3d at 1004 (concluding that a limitation of "simple, routine, repetitive, low stress work with limited contact with coworkers and limited contact with the public" was inadequate to take into account the claimant's limitations); *see also* SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985) ("Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job.").

The ALJ did not include any reference to the specific terminology "concentration, persistence, or pace" in the increasingly restrictive hypotheticals posed to the VE, although she did include a limitation to unskilled work. She also proposed a situation where "the individual would be off task at least 15 percent of the work day" and the VE opined that level of distraction would not be allowable. AR 65. The only hypothetical that explicitly incorporated a limitation related to concentration, persistence, or pace excluded Plaintiff from being able to do any job. This is an error, and leaves the Court unable to conclude that the ALJ appropriately found that Plaintiff is able to hold down a full time job.

The ALJ concluded that Plaintiff had several limitations, but failed to explain how all of them were incorporated into the RFC and failed to adequately incorporate those limitations into the hypothetical to the VE that she relied upon. In addition, the Court is concerned that the ALJ

impermissibly disregarded some of Plaintiff's reported mental health limitations. In particular, the ALJ discounted Plaintiff's reports of panic attacks and anxiety because Plaintiff has not sought treatment from any mental health practitioners, but the ALJ did not ask Plaintiff about her failure to seek that kind of treatment. "Although a history of sporadic treatment or the failure to follow a treatment plan can undermine a claimant's credibility, an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference." *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012); *see also Craft*, 539 F.3d at 679 ("[T]he ALJ must not draw any inferences about a claimant's condition from this failure [to seek regular treatment] unless the ALJ has explored the claimant's explanations as to the lack of medical care.") (quotation omitted).

Furthermore, the ALJ disregarded Plaintiff's reports of panic attacks and found that she would be able to perform full-time work despite them because of Plaintiff's ability to perform basic activities of daily life, including preparing food, going to church, and caring for a teenager living in her house. However, the Seventh Circuit Court of Appeals has repeatedly emphasized that a person's ability to perform daily activities does not indicate an ability to work outside of the home. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."); *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("[The Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006)

("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home. . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work.").

In this case, the ALJ found that Plaintiff suffered several mental health limitations, but failed to explain how she incorporated these limitations into the RFC, and failed to adequately incorporate Plaintiff's limitations in her questions to the VE. In addition, the Court is concerned that the ALJ impermissibly disregarded Plaintiff's reports of additional mental limitations. On remand, the ALJ is instructed to fully review all of the medical and mental health evidence in the record and to obtain updated information as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p at *4;  20 C.F.R. §§ 404.1512(d)(1), 416.919(b)). She is directed to follow the applicable regulations in determining what limitations Plaintiff experiences, and to fully explain how each of the limitations, alone and in combination, are incorporated into the RFC.  In addition, the ALJ is directed to "include all of [Plaintiff's limitations] directly in the hypothetical," as that is "the most effective way to ensure that the VE is apprised fully of the claimant's limitations."  *See O'Connor-Spinner*, 627 F.3d at 619.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 28th day of March, 2017.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record